Karen L. Uno (SB #117410)
kuno@bkscal.com
David P. Borovsky (SB #216588)
dborovsky@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Plaintiff
AMCO INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>    vs.<br><br>GROUP V SAN BERNARDINO<br>PROPERTIES, LP; NIJJAR REALTY,<br>INC.<br><br>                Defendants. | CASE No.<br><br>**COMPLAINT FOR DECLARATORY<br>RELIEF AND REFORMATION**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AMCO INSURANCE COMPANY ("AMCO") alleges:

1. *Jurisdiction:* The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC §1332 (diversity). As set forth in more detail below, complete diversity of citizenship exists amongst the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. AMCO is a corporation incorporated under the laws of Iowa with its principal place of business in the State of Iowa.

3. AMCO is informed and believes that Defendant Group V San Bernardino Properties, LP ("Group V") is a limited partnership organized under the laws of the State of California, with its principal place of business in the City of El Monte, state of California. Based on filings with the California Secretary of State, AMCO is informed and believes and thereon alleges that the general partner of Group V is Group V San Bernardino, Inc., a California Corporation with its principal place of business in the state of California.

4. AMCO is informed and believes that Defendant Nijjar Realty, Inc. ("Nijjar") is a corporation organized under the laws of the State of California, with its principal place of business in the City of El Monte, state of California.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C section 1391 because the property that is the subject of this dispute concerning insurance coverage is located in the City of Los Angeles, County of Los Angeles, and because the insurance policy at issue in this lawsuit was issued by AMCO to defendants at their business address in the City of El Monte, County of Los Angeles.

**A.     The Policies**

6. AMCO issued four Premier Businessowner's policies to Nijjar (a property management company) and various related entities that owned more than 50 properties in California. These four policies were in effect from April 1, 2012 until each was cancelled on August 17, 2012. Three of the four policies contained "Designated Premises Endorsements" - Form No. PB0412 (01-01) - that limited liability insurance coverage to liabilities arising out of the specific properties identified in a schedule provided in the Declarations for each policy.

1

7.     The Designated Premises Endorsement in these policies provides in pertinent part:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

This endorsement modifies insurance provided under the following:

**PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM**

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of the ownership, maintenance or use of those premises that are shown in the Declarations, and your operations necessary or incidental to those premises.

A true copy of this Designated Premises Endorsement is attached hereto as **Exhibit A**.

8.     The final policy – which is the subject of this lawsuit – was issued to named insureds Group V and Nijjar, and likewise contained a schedule of properties on the policy's Declarations (the "Group V Policy"). Like the other AMCO policies referenced above, the Group V Policy generally agreed to defend and indemnify the insureds against lawsuits alleging "bodily injury" or "property damage" caused by an "occurrence" that takes place during the policy period, subject to various other terms, conditions, limitations, and exclusions. However, as a result of inadvertence and mutual mistake, the Group V Policy did not contain a Designated Premises Endorsement like the other three policies.

9.     None of the AMCO Policies – including the Group V Policy that is the subject of this lawsuit - listed either of two apartment complexes located at 4530 Rodeo Lane, and 4604 and 4606 Rodeo Road, Los Angeles, California (the "Rodeo Properties"). Nor did any insured disclose the existence of the Rodeo Properties to AMCO at any time.

**B.     The *Blanco* Lawsuit**

10.     On January 27, 2017, Juan Francisco Blanco and several other plaintiffs filed a complaint in the Los Angeles County Superior Court, Case No. BC648633 (the "***Blanco*** complaint" or "***Blanco*** lawsuit"). The complaint generally alleges that plaintiffs therein are current and former residents of the Rodeo Properties, and defendants (PAMA V Properties, LP and PAMA Properties, Inc.) are the owners/lessors of the Rodeo Properties. While not named as a defendant, AMCO is informed and believes and thereon alleges that defendant herein Nijjar

2

1   managed the Rodeo Properties continuously since approximately 1997, and an amendment to add

2   Nijjar as a "Doe" defendant is imminent.

3       11.     The ***Blanco*** complaint generally alleges that during the plaintiffs' tenancies there

4   were various defective conditions in the apartment units in the Rodeo Properties, including

5   structural defects, safety and sanitation issues, as well as "infestations of bed bugs, cockroaches

6   and vermin".  As a result, the ***Blanco*** plaintiffs seek various types of damages, including rent

7   abatement, attorney's fees, and also for "physical injuries caused by the conditions" such as

8   rashes, skin eruptions, and other ailments" due to bedbugs, cockroaches, and vermin.  A true copy

9   of the ***Blanco*** Complaint is attached hereto as **Exhibit B**.

10      12.     Despite the fact that no named insured has yet been named as a defendant in the

11  ***Blanco*** lawsuit, defendants herein have tendered a request for defense and indemnity of the

12  ***Blanco*** complaint to AMCO under the Group V Policy.

13      13.     Prior to the tender, no insured had ever disclosed the existence of the Rodeo

14  Properties to AMCO or requested insurance covering the Rodeo Properties from AMCO.  In fact,

15  the owners of that property (PAMA V Properties, LP and PAMA Properties, Inc.) instead

16  obtained insurance for the Rodeo Properties from other insurance companies (including CIG),

17  who are currently providing a defense and/or indemnity to the defendants in the ***Blanco*** lawsuit

18  under the insurance policies specifically issued to cover liabilities associated with the Rodeo

19  Properties.

20      14.     In response to the tender, AMCO has advised its insureds that it believes that no

21  coverage is afforded under the Group V Policy.  While the "Designated Premises Endorsement"

22  was inadvertently omitted from this policy, like the other AMCO Policies issued to Nijjar, there

23  was never an agreement between the parties to this contract to provide liability insurance

24  coverage for liabilities arising out of the Rodeo Properties or any other location not specifically

25  designated on the Group V Policy.

26      15.     In addition, in an effort to avoid the need for litigation, AMCO requested, by letter

27  dated August 28, 2017, that defendants agree to allow AMCO to amend the Group V Policy by

28  adding the "Designated Premises Endorsement" attached hereto as Exhibit A, consistent with the

3

1   parties' actual agreement.  However, despite multiple follow-up requests to defendants and their

2   defense counsel, defendants have refused to agree to AMCO's proposal or even respond.

3        16.    As a result, as between AMCO on the one hand, and defendants on the other, an

4   actual controversy has arisen and now exists relating to the rights and obligations of the parties

5   herein under the provisions of the Group V Policy as they relate to coverage for defendants for

6   damages alleged against them in the ***Blanco*** Complaint, and as to any future liabilities that may

7   arise.  Questions exist as to whether:  (1) AMCO has a duty to defend against the ***Blanco*** lawsuit

8   under the Group V Policy; (2) if damages are assessed against any insured under that policy in the

9   ***Blanco*** lawsuit whether any such damages are covered under the Group V Policy; and (3)

10  whether the Group V Policy should be reformed to limit coverage to the particular locations

11  specified on the Declarations of that policy.

12                              **FIRST CAUSE OF ACTION**

13                           (Reformation of the Group V Policy)

14       17.    AMCO incorporates by reference and re-alleges herein the allegations set forth in

15  Paragraphs 1 through 16 of this Complaint.

16       18.    There was never an agreement between the parties to the Group V Policy that

17  liability insurance coverage would extend to locations other than those disclosed or specified by

18  the defendants to AMCO and listed on the policy's Declarations.

19       19.    The Group V Policy fails to reflect the actual agreement of the parties in that it

20  does not limit coverage to the particular locations specified on the Declarations of that policy,

21  which do not include the Rodeo Properties that are the subject of the ***Blanco*** complaint.

22       20.    The failure of the Group V Policy to reflect the true intent of the parties resulted

23  from a mutual mistake in that both contracting parties failed to realize that the Group V Policy

24  was issued without a "Designated Premises Endorsement" and therefore might be interpreted to

25  apply to locations that were not disclosed or specified by the defendants to AMCO and which

26  were not listed on the policy's Declarations.

27       21.    To reflect the true intent of the parties, the Group V Policy should be reformed to

28  limit coverage to the particular locations specified on the Declarations.

4

22.     Shortly after defendants tendered the defense and indemnity of the ***Blanco*** lawsuit policy to AMCO, AMCO discovered the above-described error.

### SECOND CAUSE OF ACTION

(Declaratory Relief As To Duty To Defend The ***Blanco*** Complaint Under The Group V Policy)

23.     AMCO incorporates by reference and realleges herein paragraphs 1 through 16 of this Complaint.

24.     An actual controversy has arisen and now exists between AMCO and defendants concerning their respective rights and obligations under the Group V Policy as to the ***Blanco*** Complaint.  AMCO contends that the allegations made in the ***Blanco*** Complaint do not obligate AMCO to defend any defendant named in that complaint under the Group V Policy, as reformed pursuant to the first cause of action herein, because no liability insurance coverage is afforded for liabilities arising out of the Rodeo Properties.  On the other hand, defendants contend that the allegations of the ***Blanco*** Complaint require AMCO to defend its insureds against the ***Blanco*** Complaint pursuant to the terms of the unreformed Group V Policy.

25.     AMCO desires a judicial determination and declaration of AMCO's and defendants' rights and obligations under the Group V Policy and a determination as to whether AMCO is obligated to defend against the ***Blanco*** lawsuit.

26.     Such a judicial declaration is necessary and appropriate at this time in order that AMCO and defendants may ascertain their rights and duties under the Group V Policy with regard to the ***Blanco*** Complaint.

### THIRD CAUSE OF ACTION

(Declaratory Relief As To Duty To Indemnify Under The Group V Policy)

27.     AMCO incorporates by reference and realleges herein the allegations set forth in paragraphs 1 through 16 of this Complaint.

28.     An actual and present controversy has arisen and now exists between AMCO and defendants concerning their respective rights and obligations under the Group V Policy as to the ***Blanco*** Complaint.  AMCO contends that the claims made in the ***Blanco*** Complaint do not obligate AMCO to indemnify defendants or any other insured under the Group V Policy, as

5

1   reformed pursuant to the first cause of action herein, for any damages that may be assessed

2   against them.  On the other hand, defendants contend that the allegations of the ***Blanco*** Complaint

3   require AMCO to indemnify for any damages that may be awarded against its insureds in the

4   ***Blanco*** Complaint pursuant to the terms of the unreformed Group V Policy.

5        29.    AMCO desires a judicial determination and declaration of AMCO's and

6   defendants' rights and obligations under the Group V Policy and a determination as to whether

7   AMCO would be obligated to indemnify its insureds with regard to damages that may be assessed

8   against them in the ***Blanco*** Complaint.

9        30.    Such a judicial declaration is necessary and appropriate at this time in order that

10   AMCO and defendants may ascertain their rights and duties under the Group V Policy with

11   regard to the ***Blanco*** Complaint.

12   **PRAYER FOR RELIEF**

13   WHEREFORE, Plaintiff prays for judgment as follows:

14   FIRST CAUSE OF ACTION

15        1.    For the reformation of the Group V policy to reflect the actual agreement of the

16   parties, to add the "Designated Premises Endorsement" attached hereto as Exhibit A.

17   SECOND CAUSE OF ACTION

18        2.    For a judicial determination of all rights, duties, and obligations of the parties to

19   the Group V Policy as they concern the ***Blanco*** Complaint, and a declaration that AMCO is not

20   obligated to defend defendants or any other insured against the ***Blanco*** Complaint.

21   THIRD CAUSE OF ACTION

22        3.    For a judicial determination of all rights, duties, and obligations of the parties to the

23   Group V Policy as they concern the ***Blanco*** Complaint and a declaration that AMCO is not

24   obligated to indemnify the defendants or any other insured for damages that may be awarded in

25   the ***Blanco*** Complaint.

26   ///

27   ///

28   ///

**COMPLAINT FOR DECLARATORY RELIEF AND REFORMATION**

1   ALL CAUSES OF ACTION

2          4.      For costs of suit herein incurred;

3          5.      For such other and further relief as the court may deem just and proper.

4

5   Dated:  January 10, 2018                    BECHERER KANNETT & SCHWEITZER

6

7                                              By: _____

8                                              KAREN L. UNO
                                               DAVID P. BOROVSKY
9                                              Attorneys for Plaintiff
                                               AMCO INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**COMPLAINT FOR DECLARATORY RELIEF AND REFORMATION**

1

JURY DEMAND

2

     Plaintiff hereby demands a jury trial.

3

4

Dated:  January 10, 2018

BECHERER KANNETT & SCHWEITZER

5

6

7

By:

8

     KAREN L. UNO
     DAVID P. BOROVSKY
     Attorneys for Plaintiff
     AMCO INSURANCE COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF AND REFORMATION**

# EXHIBIT A

EFFECTIVE DATE: 12:01 AM Standard Time,
    (at your principal place of business)

**BUSINESSOWNERS**
**PB 04 12 (01-01)**

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# LIMITATION OF COVERAGE TO DESIGNATED PREMISES

This endorsement modifies insurance provided under the following:

    PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of the ownership, maintenance or use of those premises that are shown in the Declarations, and your operations necessary or incidental to those premises.

**All terms and conditions of this policy apply unless modified by this endorsement.**

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1985

# EXHIBIT B

1 | ERIC E. CASTELBLANCO, ESQ. (SBN 156241)
2 | CATALINA RODAS, ESQ. (SBN 278694)
  | **CASTELBLANCO LAW GROUP, APLC**
3 | 10944 Ventura Blvd.
  | Studio City, California 91604
4 | Telephone: (213) 388-6004
  | Facsimile: (213) 388-6090
5 | Email: attorney@castelblanco.com

6 | Attorneys for Plaintiffs

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
  | **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 2 7 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

10 | JUAN FRANCISCO BLANCO; SONIA Z.           ) Case No.:   **BC 6 4 8 6 3 3**
11 | FUNEZ; DAHLIA ELIZABETH BLANCO-            )
    | FUNEZ, a minor by, and through her         )
12 | Guardian Ad Litem, JUAN FRANCISCO          )
13 | BLANCO; KARLA MARLENY RIVERA               )
    | POCHON; GUILLERMO RUBEN                    )
14 | GUTIERREZ ORELLANA; KADESHA                )
15 | ISABELLA GUTIERREZ, a minor, by and        ) **HABITABILITY COMPLAINT FOR**
    | through her Guardian Ad Litem, KARLA       ) **DAMAGES; DEMAND FOR JURY**
16 | MARLENY RIVERA POCHON; LINDSAY             ) **TRIAL**
17 | JULIETTE GUTITERREZ, a minor, by and       )
    | through her Guardian Ad Litem, KARLA       )
18 | MARLENY RIVERA POCHON; BLANCA              )
19 | MARGARITA GALINDO CLIMACO;                 )
    | ALFREDO GARCIA HERNANDEZ;                  )
20 | MARGARITA DEL CARMEN                       )
21 | HENRIQUEZ, a minor, by and through her     )
    | Guardian Ad Litem, BLANCA                  )
22 | MARGARITA GALINDO; JULISSA                 )
23 | ELIZABETH HENRIQUEZ; a minor, by and       )
    | through, her Guardian Ad Litem, BLANCA     )
24 | MARGARITA GALINDO CLIMACO;                 )
25 | JESUS EDUARDO GALINDO; a minor, by         )
    | and through his, Guardian Ad Litem;        )
26 | BLANCA MARGARITA GALINDO                   )
27 | CLIMACO; ANA SARAI GARCIA, a minor,        )
    | by and through her Guardian Ad Litem,      )
28 |                                            )

1  BLANCA MARGARITA GALINDO;                )
                                            )
2            Plaintiffs,                     )
                                            )
3                                            )
                                            )
4      vs.                                   )
                                            )
5  PAMA V PROPERTIES, LP, A                  )
   CALIFORNIA LIMITED PARTNERSHIP;          )
6  PAMA V PROPERTIES, INC., and DOES 1      )
   to 100, inclusive;                        )
7                                            )
                                            )
8            Defendants.                     )
                                            )
9                                            )
                                            )
10 ─────────────────────────────────────────

11 **PLAINTIFFS, AND EACH OF THEM, ALLEGE THE FOLLOWING ON**
12 **INFORMATION AND BELIEF AND DEMAND A TRIAL BY JURY:**

13       1.      The individual Plaintiffs, and each of them, are, and all relevant times were tenants
14 of the residential property located at 4530 Rodeo Lane., Los Angeles, CA, 90016; 4604 Rodeo
15 Road., Los Angeles, CA 90016; and 4606 Rodeo Road., Los Angeles, CA 90017 (hereinafter
16 "Subject Property"). Plaintiffs have at all material times satisfied their leases and were in lawful
17 possession of their respective apartments, and paid rent each month on their respective
18 apartments.

19       2.      On information and belief the Subject Property falls under the Rent Stabilization
20 Ordinance of Los Angeles (hereinafter "RSO"), which is codified in the Los Angeles Municipal
21 Code Section 151 et seq.

22       3.      Plaintiffs KARLA MARLENY RIVERA POCHON, GUILLERMO RUBEN
23 GUTIERREZ; minors KADESHA ISABELLA GUTIERREZ; and LINDSAY JULIETTE
24 GUTIERREZ resided in 4530 Rodeo Lane, Unit 4 of the Subject Property.  The tenancy began in
25 approximately September 2011and ended approximately July 2016.  Throughout Defendants'
26 ownership and control of the Subject Property, the family has suffered uninhabitable,
27 substandard housing conditions in the building and within their rental unit, including structural
28 deficiencies including defective plumbing, flooring and weather proofing, defective fire

1    protection equipment, defective plumbing and gas fixtures, and defective heating and ventilation
2    within the unit, as well as infestations of bed bugs, cockroaches and vermin. These deficiencies
3    were cited by the Health and Housing Departments as outlined in the following paragraphs, and
4    were not abated by Defendants within 35 days. The Plaintiffs have occupied their apartment
5    pursuant to an agreement with Defendants and/or Defendants' agents.

6        4.    Plaintiffs SONIA Z. FUNEZ; JUAN FRANCISCO BLANCO and minor DAHLIA
7    ELIZABETH BLANCO-FUNEZ reside in 4604 Rodeo Road, Unit 4 of the Subject Property.
8    The tenancy began approximately in 2006. Throughout Defendants' ownership and control of
9    the Subject Property, the family has suffered uninhabitable, substandard housing conditions in
10   the building and within their rental unit, including structural deficiencies including defective
11   plumbing, flooring and weather proofing, including structural hazards, defective fire warning
12   devices, defective exits, defective fire protection equipment, defective maintenance, defective
13   electrical systems, defective plumbing and gas fixtures, defective heating and ventilation, and
14   infestations of bed bugs and cockroaches. hese deficiencies were cited by the Health and
15   Housing Departments as outlined in the following paragraphs, and were not abated by
16   Defendants within 35 days. The Plaintiffs have occupied their apartment pursuant to an
17   agreement with Defendants or Defendants' predecessors in interest, which is binding on
18   Defendants by operation of the RSO.

19       5.    Plaintiffs BLANCA MARGARITA GALINDO CLIMACO; ALFREDO GARCIA
20   HERNANDEZ; minors MARGARITA DEL CARMEN HENRIQUEZ; JULISSA ELIZABETH
21   HENRIQUEZ; JESUS EDUARDO GALINDO; and ANA SARAI GARCIA reside in 4606
22   Rodeo Road, Unit 1 of the Subject Property. The tenancy began approximately in November
23   2010. Throughout Defendants' ownership and control of the Subject Property, the family has
24   suffered uninhabitable, substandard housing conditions in the building and within their rental
25   unit, including structural deficiencies including defective plumbing, flooring and weather
26   proofing, defective fire warning devices, defective fire protection equipment, defective
27   maintenance of the entire unit and building structure, defective electrical systems, defective
28   plumbing and gas systems, defective heating and ventilation, and infestations of bed bugs and

1   cockroaches.  These deficiencies were cited by the Health and Housing Departments as outlined

2   in the following paragraphs, and were not abated by Defendants within 35 days. The Plaintiffs

3   have occupied their apartment pursuant to an agreement with Defendants or Defendants'

4   predecessors in interest, which is binding on Defendants by operation of the RSO.

5         6.   On information and belief, Defendant PAMA V PROPERTIES, LP is now, and at

6   all material times was, a limited partnership organized and existing under the laws of the State of

7   California, with its principal place of business in the County of Los Angeles. On information and

8   believe this Defendant is now, and at all material time was, the owner, manager and/or controller

9   of the Subject Property since July 16, 2007.

10         7.   On information and belief, Defendant PAMA V PROPERTIES, INC., is now, and

11   at all material times was a corporation organized and existing under the laws of the State of

12   California, and conducting business within the State of California, County and City of Los

13   Angeles. PAMA V PROPERTIES, INC. has been at all times the General Partner of PAMA V

14   PROPERTIES, LP since PAMA V PROPERTIES, LP has owned and operated the Subject

15   Property.

16         8.   The true names and/or capacities, whether individual, corporate, associate or

17   otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs at this time,

18   and who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and

19   believe and thereupon allege that each of the Defendants fictitiously named herein as a DOE is

20   legally responsible, negligently or in some other actionable manner, for the events and

21   happenings hereinafter referred to, and thereby proximately and legally caused the injuries and

22   damages to Plaintiffs as hereinafter alleged. The Plaintiffs will ask leave of court to amend this

23   Complaint to insert the true names and/or capacities of such fictitiously named Defendants when

24   the same have been ascertained.

25         9.   At all times mentioned herein, each of the Defendants and DOES was the agent,

26   employee and representative of every other Defendant and DOE, and in doing the things

27   hereinafter alleged, was acting within the course and scope of such agency, service and

28

1  representation, and directed, aided and abetted, authorized or ratified each and every act and

2  conduct hereinafter alleged.

3      10.  Plaintiffs are informed and believe, and thereon allege, that an officer, director or

4  managing agent of each DOE Defendant, who is an entity, had advance knowledge of the

5  unfitness of the agent, employee or representative who committed unlawful acts and the entity

6  employed such agent, employee or representative with a conscious disregard of the rights and/or

7  safety of others, authorized or ratified the wrongful conduct, or was personally guilty of

8  oppression fraud or malice. Defendants' agents engaging in failure to abate the conditions known

9  to them as a result of contact with the Housing Department include Jesse Carrillo, Claudia

10  Gonzalez, and the onsite manager of the Subject Property, D.J. Kler, Dominique Flanagan,

11  Michelle Victorian, Michel Nijjar, and maintenance staff including Armando, who have been

12  selected by Defendants as their representatives for purposes of Housing Department hearings and

13  inspections.

14      11.  At all times mentioned herein, each of the Defendants was the co-tortfeasor of each

15  of the other Defendants in doing the things hereinafter alleged.

16      12.  Plaintiffs are informed and believe, and thereon allege that PAMA V

17  PROPERTIES, LP engaged in activities of a lessor and/or landlord at the Subject Property,

18  including but not limited to: receiving rents for the Subject Property from each Plaintiff; being

19  entitled to receive rents for the Subject Property; management of the Subject Property; operation

20  of the Subject Property; leasing of the Subject Property; maintenance of the Subject Property;

21  maintaining books, records and accounts for the Subject Property; obtaining and keeping tenants

22  at the Subject Property; negotiation, renewal, extension, modification and cancellation of leases

23  for the Subject Property; pursuing legal action against tenants for allegedly failing to pay rents

24  due for the Subject Property; inspecting the Subject Property; distribution of notices for the

25  Subject Property; and/or promulgation of rules for the Subject Property.

26      13.  Plaintiffs are informed and believe, and thereon allege, that PAMA V

27  PROPERTIES, LP either committed the following unlawful acts against Plaintiffs or had

28  advance knowledge of the unfitness of agent(s), employee(s) or representative(s)who committed

1  the following unlawful acts against Plaintiffs, including on-site and off-site managers. Defendant
2  PAMA V PROPERTIES, LP employed such agent(s), employee(s) or representative(s) with a
3  conscious disregard of the rights and/or safety of others, authorized or ratified the wrongful
4  conduct, by, among other things, receiving notices and orders to abate at Defendants' lawful
5  address from government agencies and ordering and/or ratifying the continued failure to
6  adequately abate the substandard conditions of the Subject Property in order to avoid abatement
7  expenditures and thereby increase profits for Defendants.   Specifically, Plaintiffs allege that
8  PAMA V PROPERTIES, LP received notices and orders to comply from government agencies at
9  his legal addresses for such notices, and sent agents and representatives to government
10  inspections, being aware of and directing the conduct of employees in failing to comply with
11  government orders of abatement in spite of actual notice of their detriment to the daily lives of
12  the Plaintiffs as alleged in this Complaint. Defendants' agents engaging in failure to abate the
13  conditions known to them as a result of contact with the Housing Department include Jesse
14  Carrillo, Claudia Gonzalez, and the onsite manager of the Subject Property, D.J. Kler,
15  Dominique Flanagan, Michelle Victorian, Michel Nijjar, and maintenance staff including
16  Armando, who have been selected by Defendants as their representatives for purposes of
17  Housing Department hearings and inspections.
18        14.   Plaintiffs are informed and believe, and thereon allege that PAMA V
19  PROPERTIES, INC. engaged in activities of a lessor and/or landlord at the Subject Property,
20  including but not limited to: receiving rents for the Subject Property from each Plaintiff; being
21  entitled to receive rents for the Subject Property; management of the Subject Property; operation
22  of the Subject Property; leasing of the Subject Property; maintenance of the Subject Property;
23  maintaining books, records and accounts for the Subject Property; obtaining and keeping tenants
24  at the Subject Property; negotiation, renewal, extension, modification and cancellation of leases
25  for the Subject Property; pursuing legal action against tenants for allegedly failing to pay rents
26  due for the Subject Property; inspecting the Subject Property; distribution of notices for the
27  Subject Property; and/or promulgation of rules for the Subject Property.
28

15. Plaintiffs are informed and believe, and thereon allege, that PAMA V PROPERTIES, INC. either committed the following unlawful acts against Plaintiffs or had advance knowledge of the unfitness of agent(s), employee(s) or representative(s)who committed the following unlawful acts against Plaintiffs, including on-site and off-site managers. Defendant PAMA V PROPERTIES, INC. employed such agent(s), employee(s) or representative(s) with a conscious disregard of the rights and/or safety of others, authorized or ratified the wrongful conduct, by, among other things, receiving notices and orders to abate at Defendants' lawful address from government agencies and ordering and/or ratifying the continued failure to adequately abate the substandard conditions of the Subject Property in order to avoid abatement expenditures and thereby increase profits for Defendants.    Specifically, Plaintiffs allege that PAMA V PROPERTIES, INC. received notices and orders to comply from government agencies at his legal addresses for such notices, and sent agents and representatives to government inspections, being aware of and directing the conduct of employees in failing to comply with government orders of abatement in spite of actual notice of their detriment to the daily lives of the Plaintiffs as alleged in this Complaint. Defendants' agents engaging in failure to abate the conditions known to them as a result of contact with the Housing Department include Jesse Carrillo, Claudia Gonzalez, and the onsite manager of the Subject Property, D.J. Kler, Dominique Flanagan, Michelle Victorian, Michel Nijjar, and maintenance staff including Armando, who have been selected by Defendants as their representatives for purposes of Housing Department hearings and inspections.

16. The Subject Property has been subject to multiple inspections by the Los Angeles Housing and Community Investment Department (hereinafter "Housing Department") and the Los Angeles Department of Public Health (hereinafter "Health Department") that resulted in citations against the Defendant for multiple violations of the California County Code, the California Health and Safety Code and the Los Angeles Municipal Code at the Subject Property and within Plaintiffs' units at the Subject Property.

17. The Housing Department issued Notices and Orders to Comply on June 10, 2013, October 1, 2013, June 5, 2014, September 10, 2014, October 14, 2014, August 28, 2015, October

1   20, 2015, October 21, 2015, June 21, 2016, June 29, 2016 and September 2016.  Upon

2   information and belief, multiple violations were not abated within 35 days of these notices.

3           18.  Violations were also cited by the Health Department on January 20, 2015, February

4   11, 2015, December 7, 2015, April 17, 2015, April 23, 2015, June 5, 2015, July 16, 2015, March

5   12, 2015, March 13, 2015, May 13, 2016, October 2, 2013, November 18, 2013, January 1, 2014,

6   April 9, 2014, May 14, 2014, and December 3, 2014.  Upon information and belief, multiple

7   violations were not abated within 35 days of these notices.

8           19.  The habitability violations were and are located in the interior and exterior of the

9   Subject Property, including the common areas and within Plaintiffs' unit, including deteriorated

10   walls and ceilings, inadequate fire protection, faulty electrical wiring, inadequate heating and

11   ventilation, defective doors and windows, dysfunctional plumbing systems, dampness, and

12   infestations of cockroaches, bed bugs and other vermin. The infestations of bed bugs,

13   cockroaches and other vermin are building-wide.

14          20.  As a consequence of the conditions, Plaintiffs have sustained injuries and health

15   problems caused or exacerbated by the conditions. As an additional consequence of the

16   conditions and the physical injuries caused by the conditions, the Plaintiffs have also sustained

17   mental suffering, frustration and emotional distress.

18          21.  Each Plaintiff resided as a tenant in an apartment at the Subject Property during the

19   period in which Defendants owned, managed and exercised possession and control of the

20   premises. During their tenancies, Plaintiffs were and are exposed to the following substandard

21   conditions, which also exist or existed throughout the Subject Property:

22           a.  Cockroach, bed bug and vermin infestation;

23           b.  inoperable windows;

24           c.  deteriorated and worn walls and ceilings, including leaks;

25           d.  faulty and leaking pipes and plumbing;

26           e.  deteriorated cabinets;

27           f.  lack of/faulty proper electrical wiring;

28           g.  unsanitary and unsafe common areas; and

1        h.  inadequate security.

2      22.  The cockroaches nest inside Plaintiffs' electrical appliances and contaminate their

3   food supplies. They crawl onto Plaintiffs' bodies when they are asleep, deposit their excrement

4   throughout The Subject Property and Plaintiffs' units and cause rashes, skin eruptions, and other

5   ailments among Plaintiffs.

6      23.  The vermin enter Plaintiffs' rental units through the cracks and crevices all

7   throughout. The vermin can be heard in the middle of the night, scratching and scurrying

8   throughout the rental unit, including within the wall voids. Plaintiffs have suffered from fear,

9   disgust, and frustration.

10      24.  Despite Plaintiffs' persistent complaints about the infestations, Defendants have

11   failed to correct the substandard conditions, and the problems continue causing continued

12   distress and apprehension.

13      25.  Each adult Plaintiff notified the Defendants and their agents about the habitability

14   violations but Defendants have failed to correct the habitability conditions. The Defendants,

15   and each of them, are experienced owners and/or managers of low income residential property

16   and are aware that absent appropriate maintenance and professional pest control, serious

17   habitability violations will develop that would seriously and materially affect the Plaintiffs'

18   tenancies.

19      26.  In spite of numerous Notices and Orders to Comply from government entities,

20   Defendants have failed to correct the cited deficiencies throughout the Subject Property.

21      27.  On the rare occasion(s) that Defendants have undertaken repairs at the Subject

22   Property, Defendants have done so in a haphazard and substandard manner by failing to hire

23   professional or licensed contractors, failing to actually repair the known substandard conditions

24   and instead performing piecemeal and cosmetic work, and failing to adequately supervise

25   repairs conducted on the Subject Property.

26      28.  The Subject Property was built before 1978. Upon information and belief,

27   Defendants have engaged in illegal, non-professional repairs which have disturbed the lead paint.

28   On information and belief, Defendants have violated the EPA's Lead Renovation, Repair and

1  Painting Rule, as well as Title 17, California Code of Regulations, Division 1, Chapter 8

2  relating to lead based paint and lead hazards, and other lawful standards regarding safe lead

3  practices in residential rentals built before 1978 by failing to follow certification requirements

4  and other guidelines in carrying out maintenance and repairs which disturb the paint at the

5  Subject Property and within Plaintiffs' units, and failing to obtain permits as necessary for

6  repairs conducted without adequate inspection and approval by government agencies as

7  required by law within Plaintiffs' units and in the common areas of the Subject Property.

8       29.    Plaintiffs have complained to Defendants about the severe and detrimental impact

9  that the apartment conditions and/or rampant infestations have on Plaintiffs in their daily lives.

10  Defendants failed to comply with local ordinances, laws, and standards in spite of Plaintiffs'

11  complaints and notices from government entities, and have actively attempted to circumvent

12  enforcement procedures undertaken by government agencies against Defendants for failing to

13  comply with orders of abatement. Defendants, at all times, had the power to make changes to

14  their actions, including employment of abatement measures, but refused to take corrective

15  and/or curative measures in spite of actual knowledge of the substandard conditions with a

16  conscious disregard for Plaintiffs' rights, health and/or safety.

17       30.    Plaintiffs are informed and thereon allege that Defendants' conduct as outlined in

18  the preceding paragraphs of this Complaint has been willful, oppressive and malicious.

19  Defendant acted purposefully in order to vex, injure and annoy Plaintiffs for the purpose of

20  forcing Plaintiffs to abandon their legal recourses by vacating their rent controlled apartments

21  and/or accepting substandard premises without further complaints to relevant governmental

22  agencies, for the sole economic benefit of Defendants. Defendants' conduct was carried out

23  with a knowing and willful disregard of Plaintiffs' rights as tenants of the Subject Property.

24  Defendants, at all times, had notice of the substandard conditions of the Subject Property, had

25  the means, opportunity and ability to abate the substandard conditions, and failed to do so in

26  spite of knowledge regarding its impact and effect on the families residing therein. Accordingly,

27  Plaintiffs are entitled to punitive damages in an amount to be proven at trial.

28

## FIRST CAUSE OF ACTION

### (Violation of Civil Code §1942.4)

31.   By all Plaintiffs against all Defendants. Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

32.   The Subject Property substantially lacks the affirmative standard characteristics identified in Section 1941.1 of the Civil Code and Section 17920.3 of the Health and Safety Code, as alleged above.  The Plaintiffs contend that each of their respective apartments contained inadequate weather protection, plumbing, clean and sanitary premises, trash facilities and floors.

33.   As alleged herein, after inspecting the premises, public officer housing and health inspectors provided written notice to the Defendants of their obligation to repair prohibited conditions on the dates as alleged herein. The defective conditions were not caused by any act or omission of Plaintiffs.

34.   Without good cause, Defendants failed to abate or repair the conditions identified in one or more of the Notice and Orders to Comply within 35 days of receiving the notice, during which time the substandard conditions continued to exist without abatement.

35.   The Defendants continued to demand and collect rent from the Plaintiffs while the prohibited conditions identified by public housing authorities were unabated.

36.   By reason of the foregoing, the Defendants violated California Civil Code Section 1942.4. and as a direct and proximate result of the foregoing, Plaintiffs are entitled to statutory damages pursuant to Section (b)(1) and reasonable attorney's fees and costs pursuant to Section (b)(2).

### SECOND CAUSE OF ACTION

### (Tortuous Breach of the Warranty of Habitability)

37.   By all Plaintiffs against all Defendants. Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

38.    The defective conditions alleged herein constituted violations of state and local housing laws and posed severe health, safety and fire hazards and breached the implied warranty of habitability.

39.    Defendants had actual and constructive notice of the defective conditions alleged herein, but despite such notice, failed to adequately repair and abate the conditions at The Subject Property.

40.    Plaintiffs did not cause, create or contribute to the existence of the defective conditions alleged herein.

41.    By failing to correct said defective conditions, Defendants have breached the warranty of habitability implied in all rental contracts under California law.

42.    Defendants knew or should have known that permitting said defective conditions to exist threatened the physical and emotional health and wellbeing of Plaintiffs, and posed a serious threat and danger to their health and safety.

43.    As a direct and proximate result of Defendants' breach of the warranty of habitability, Plaintiffs, and each of them, have sustained special, general and property damage in amounts to be determined at trial. Plaintiffs have also paid rents in an amount that exceeds the fair rental value of the premises in their uninhabitable condition.

### THIRD CAUSE OF ACTION

### (Private Nuisance)

44.    By all Plaintiffs against all Defendants. Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

45.    The conditions of The Subject Property that the Defendants caused constitute a private nuisance within, but not limited to the meaning of Civil Code Section 3479 because the defective conditions were injurious to the health and safety of Plaintiffs, indecent and offensive to the Plaintiffs and interfered substantially with the Plaintiffs comfortable enjoyment of The Subject Property.

1     46.    These conditions constituted substantial and unreasonable interference with the

2   Plaintiffs' private use and enjoyment of their tenancy.

3     47.    As a direct and proximate result of the private nuisance, the Plaintiffs sustained

4   general, special and property damage in amounts to be determined at trial.

5                           **FOURTH CAUSE OF ACTION**

6                **(Business & Professions Code § 17200 et seq.)**

7     48.    By all Plaintiffs against all Defendants. Plaintiffs re-allege, and incorporate by

8   reference every allegation contained in the preceding paragraphs of this Complaint as though set

9   forth herein.

10     49.    As the owners, managers and/or controllers of a residential property offered as

11   housing to consumers, or the Plaintiffs, Defendants were and are obligated to provide habitable

12   premises.

13     50.    However, Defendants failed to expend the necessary means to maintain the Subject

14   Property and repeatedly failed to abate known habitability violations.

15     51.    Defendants' failure to maintain Plaintiffs' rental units in a habitable state is

16   documented in the Notices and Orders to Comply issued by the Housing Department and the

17   violations cited by the Health Department, as alleged above herein.

18     52.    Each Plaintiff was and is responsible for paying their respective rent on a monthly

19   basis during their tenancies with the Defendants, who demanded and collected the rent each

20   month despite their knowledge that there existed violations of the California County Code, the

21   California Health and Safety Code and the Los Angeles Municipal Code throughout the Subject

22   Property.

23     53.    Defendants' failure to maintain the Subject Property and failure to abate known

24   habitability violations, while demanding rent, constitutes an unlawful business practice.

25   Moreover, as alleged herein in the First Cause of Action, the unlawful business practices of the

26   Defendant violated California Civil Code Sections 1941.1 and 1942.4.

27     54.    The charging Plaintiffs in this cause of action were each individually harmed,

28   sustained loss of money and property, and suffered injury in fact as a direct and proximate result

of the alleged unlawful business practices by having to pay full monthly rent for apartments that contained the material deficiencies as alleged herein.

55.   The Defendants, through their pattern of deferred maintenance, their failure to expend the necessary means to maintain the rental units in a habitable state as required by law, as well as their continued demand and/or collection of rent from Plaintiffs, were unjustly enriched at the expense of Plaintiffs, and Plaintiffs are entitled to restitution in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Negligence)

56.   By all Plaintiffs against all Defendants. Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

57.   As owners, operators and managers of The Subject Property, the Defendants owed Plaintiffs the duty to exercise reasonable care in the ownership, management and control of The Subject Property.

58.   The Defendants' duty to exercise reasonable care includes, but is not limited to: the duty to refrain from interfering with Plaintiffs' full use of and quiet enjoyment of their rented premises; the duty to comply with all applicable state and local laws governing Plaintiffs' rights as tenants; the duty to maintain the Plaintiffs' premises in a safe, healthy and habitable condition and the duty to not obstruct Plaintiffs' full use and occupancy of their rented residences.

59.   Defendants, by the conduct alleged above, negligently and carelessly maintained, operated, and managed The Subject Property thus breaching the duties owed to Plaintiffs.

60.   As a direct and proximate result of these breaches the Plaintiffs have sustained general, special and property damage in an amount to be determined at trial.

1  **WHEREFORE**, the individual Plaintiffs, and each of them, pray for the following damages and

2  relief:

3      (1) For general damages no less than $3,000 per month, per Plaintiff, totaling no less than

4          $1,404,000 and continuing to accrue monthly;

5      (2) For special and property damages totaling no less than $25,500.00 total for all

6          Plaintiffs and continuing to accrue monthly;

7      (3) For statutory damages under Civil Code Section 1942.4 of no less than $175,000.00;

8      (4) For restitution of rent monies paid pursuant to Business and Professions Code Section

9          17200, no less than $750 per month per unit (3 units total), totaling no less than

10          $108,000 and continuing to accrue monthly;

11      (5) Reasonable attorney fees, in the amount of $600 per hour, for those hours actually

12          expended;

13      (6) For exemplary and punitive damages in an amount to be determined at trial;

14      (7) Costs of suit; and

15      (8) For such other relief as the court may deem just and proper.

16  Date: 1/25/2017              CASTELBLANCO LAW GROUP, APLC

17

18

19                            Catalina Rodas, Esq.

20                            Attorney for Plaintiffs

1                             **DEMAND FOR JURY TRIAL**

2         Plaintiffs hereby demand a trial by jury as to all issues and causes of action subject to a

3   jury trial.

4

5   Date: 1/25/2017                         CASTELBLANCO LAW GROUP, APLC

6

7

8                                    Catalina Rodas, Esq.
                                     Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28